## W. A. GRAVES *v.* HERCULES W. WELLER.

**Assault and Battery—Evdence—Witnesses—Proper Question.**

In an action for assault, the following question was submitted in justi fication: "Was there any agreement between your mother and plaintiff, when she consented to send you to school to plaintiff, as to whether he was to whip you or not." **Held** not competent evidence, as it is not stated the alleged promise was made at the time the contract was made to send the daughter to school, or that it constituted any part of the contract.

**Same—Instructions.**

An instruction, "That if the assault made by appellant, arose from

the heat of blood caused by the whipping of his child in violation of the agreement made between the parties when said child was sent to school, etc.," and qualified by "provided the jury believed that there was not time enough between the hour at which defendant was informed of the whipping of his child, and the time the assault was committed to enable defendant's blood to cool," and by omitting the wards "In violation of the agreement made," etc., held properly refused as the fact that the whipping was done in violation of the agreement is there to be assumed by the court, and taken from the consideration of the jury.

APPEAL FROM NELSON CIRCUIT COURT.

December 19, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellee against appellant for assaulting and beating him. The defense was, not guilty, and a verdict and judgment having been rendered for $1,000 in favor of appellee, and appellant's motion for a new trial having been overruled he has appealed.

He complains, first, that the court below erred in refusing to permit Miss Evans, who had been the pupil of appellee, and for the chastising of whom, while at school, the difficulty arose, answer the following questions:

Was there any agreement between your mother and plaintiff, Weller, when she consented to send you to school to plaintiff as to whether he was to whip you or not? The answer to which, as was then avowed, would have been, that her mother told him that she would not send her daughter to his school, unless he would agree that he would not whip her, and that plaintiff promised her mother he would not whip her.

It is not stated or pretended that the alleged promise was made at the time the contract was made by the father with appellee to send his daughter to the school, or that it constituted any part of the contract, nor that the appellant knew or approved of such a promise, consequently, it was not competent evidence of provocation.

The instructions given on the motion of appellee were not *objected* to, at the time they were offered, and a mere exception to the giving them without an objection when they were offered is not sufficient to authorize this court to review the action of the court below as has been often ruled.

Under the pleadings, instruction No. 1, as asked by appellant, was properly refused.

By instruction No. 2 the court was asked to tell the jury without qualification that if the assault made by appellant on appellee arose from the heat of blood caused by the whipping of his child in violation of the agreement made between the parties when said child was sent to school though it should not entirely excuse him, it might be considered by them in mitigation of damages. That instruction was given with the qualification, that provided the jury believed that there was not time enough between the hour at which defendant was informed of the whipping of said child by plaintiff, and the time the assult was committed to enable defendant's blood to cool, and by omitting the words "in violation of" the agreement made between the parties when said child was sent to school."

This instruction as asked was properly refused, because *the fact* that the whipping was done in violation of the agreement is there to be assumed by the court, and taken entirely from the consideration of the jury, and which was a very material fact as presented in that instruction.

Instruction No. 3, given by the court in place of No. 2, was quite as favorable to appellant as he was entitled to have it.

We are, therefore, unable to perceive any available error prejudicial to appellant, and the judgment must be *affirmed*.

*A. H. Field, for appellant.*
*Knott, Muir & W., for appellee.*